## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CRYSTAL HERNANDEZ and SALVADOR FLORES HERNANDEZ, <br><br> on behalf of themselves and all others similarly situated, <br><br>     Plaintiffs, <br><br> v. <br><br> ADVANCE AMERICA, CASH ADVANCE CENTERS, INC. and ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC, <br><br>     Defendants. | Case No.: 7:23-cv-04256-DCC |
| RALPH GIBSON, *on behalf of himself and all others similarly situated,* <br><br>     Plaintiff, <br><br> v. <br><br> ADVANCE AMERICA, CASH ADVANCE CENTERS, INC., <br><br>     Defendant. | Case No. 7:23-cv-04257-DCC |
| SCOTT GIBSON *on behalf of himself and all others similarly situated*, <br><br>     Plaintiff, <br><br> v. <br><br> ADVANCE AMERICA, CASH ADVANCE CENTERS, INC., <br><br>     Defendant. | Case No: 7:23-cv-04283-DCC |

| | |
|---|---|
| KEVIN BURNS, *on behalf of himself and all others similarly situated*, | Case No. 7:23-cv-04286-DCC |
| Plaintiff, | |
| v. | |
| ADVANCE AMERICA, CASH ADVANCE CENTERS, INC. d/b/a ADVANCE AMERICA, | |
| Defendant. | |
| TAMARA KNUUTILA and JOSE GARCIA, on behalf of themselves and all others similarly situated, | Case No. 7:23-cv-04304-DCC |
| Plaintiffs, | |
| v. | |
| ADVANCE AMERICA CASH ADVANCE CENTERS, INC., ADVANCE AMERICA CENTERS OF TENNESSEE, INC. d/b/a ADVANCE AMERICA, and ADVANCE AMERICA CENTERS OF CALIFORNIA, LLC d/b/a ADVANCE AMERICA, | |
| Defendants. | |
| JOHN WILKINSON, on behalf of himself and all others similarly situated and on behalf of the general public, | Case No. 6:23-cv-04347-DCC |
| Plaintiff, | |
| v. | |
| ADVANCE AMERICA, CASH ADVANCE CENTERS, INC., | |
| Defendant. | |

| | |
|---|---|
| DANA JONES, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>PURPOSE FINANCIAL, INC. F/K/A ADVANCE AMERICA, CASH ADVANCE CENTERS, INC.,<br><br>        Defendant. | Case No.: 6:23-cv-04354-DCC |

## PLAINTIFFS' MOTION TO CONSOLIDATE AND TO APPOINT INTERIM LEADERSHIP COUNSEL

Plaintiffs Crystal Hernandez, Salvador Flores Hernandez, Ralph Gibson, Scott Gibson, Kevin Burns, Tamara Knuutila, Jose Garcia, Dana Jones, and John Wilkinson ("Plaintiffs"), individually and on behalf of all others similarly situated, respectfully move under Rule 42 of the Federal Rules of Civil Procedure to consolidate Case Nos. 7:23-cv-04257-DCC, 7:23-cv-04283-DCC, 7:23-cv-04286-DCC, 7:23-cv-04304-DCC, 6:23-cv-04347-DCC and 6:23-cv-04354-DCC into the first filed action, Case No. 7:23-cv-04256. Plaintiffs further move under Rule 23(g) of the Federal Rules of Civil Procedure for the Court to appoint Patrick A. Barthle II of Morgan & Morgan Complex Litigation Group, Terence R. Coates of Markovits Stock & DeMarco, LLC and Gary M. Klinger of Milberg Bryson Phillips Grossman PLLC ("Milberg") as Interim Co-Lead Counsel and A. Brooke Murphy of Murphy Law Firm, Raina Borrelli of Turke & Strauss LLP, Philip J. Krzeski of Chestnut Cambronne PA, and William B. Federman of Federman & Sherwood, as members of the Plaintiffs' Executive Committee (collectively "Interim Class Counsel") for the consolidated action. This motion has the unanimous support of Plaintiffs from every case on file in these matters. The grounds for Plaintiffs' Motion are set forth in the incporated Memorandum.

## MEMORANDUM IN SUPPORT

## I.     BACKGROUND

These cases arise from a cybersecurity incident purportedly discovered by Defendant Advance America, Cash Advance Centers, Inc. d/b/a Advance America ("Advance America" or "Defendant") on or about February 7, 2023 (the "Data Breach"). During the Data Breach, cybercriminals allegedly accessed and infiltrated the full names and Social Security numbers (collectively, "Private Information") of thousands of customers.

Plaintiffs Crystal Hernandez and Salvador Flores Hernandez ("Hernandez Plaintiffs") are consumers who obtained services from Cash Advance Centers of California, LLC ("AA of California") prior to the Data Breach and received AA of California's *Notice of Data Breach*, dated August 16, 2023, on or about that date.  The notice letters stated that their names and Social Security numbers were impacted by the Data Breach. On August 24, 2023, the Hernandez Plaintiffs filed a class action complaint against Defendants in this Court seeking injunctive relief and damages from Defendants due to their alleged failures to implement and maintain adequate data security measures to safeguard the Private Information in their possession. *See* Case No. 7:23-cv-04256-DCC, ECF No. 1.

Thereafter, class action complaints were filed against Defendant in this Court by Plaintiffs Ralph Gibson (Case No. 7:23-cv-04257-DCC, ECF No. 1); Scott Gibson (Case No. 7:23-cv-04283-DCC, ECF No. 1); Kevin Burns (No. 7:23-cv-04286-DCC, ECF No. 1); Tamara Knuutila and Jose Garcia (No. 7:23-cv-04304-DCC, ECF No. 1), Dana Jones, (Case No. 6:23-cv-04354-DCC, ECF No. 1) and John Wilkinson (No. 6:23-cv-04347-DCC, ECF No. 1).[1] Similar to the Hernandez Plaintiffs, all Plaintiffs allege that they received letters informing them that their Private

---

[1] Collectively, Case Nos. 7:23-cv-04256-DCC, 7:23-cv-04257-DCC, 7:23-cv-04283-DCC, 7:23-cv-04286-DCC, 7:23-cv-04304-DCC, 6:23-cv-04354-DCC, and 6:23-cv-04347-DCC are referred to as the "Related Actions."

Information was compromised in the Data Breach. Moreover, all Plaintiffs seek injunctive relief and damages from Advance America due to the same alleged conduct and same underlying legal theories, including negligence and breach of implied contract.

Both prior to and since filing the Related Cases, Proposed Interim Class Counsel have taken proactive steps to investigate the Data Breach, including, but not limited to, speaking with numerous class members, preparing pleadings, coordinating with other attorneys, and performing legal and fact research. Now, in the interests of judicial economy, counsel for the Related Cases jointly request that the Court consolidate the Related Cases and appoint Mr. Barthle, Mr. Klinger and Mr. Coates as Interim Co-Lead Class Counsel, and Ms. Murphy, Ms. Borrelli, Mr. Krzeski, and Mr. Federman as Members of the Plaintiffs' Executive Committee pursuant to Federal Rules of Civil Procedure Rules 23(g)(3) and 42(a).

## II. ARGUMENT

The Related Cases, along with any cases subsequently filed, transferred, or removed to this District arising out of the same Security Incident and including common questions of law and fact, should be consolidated into one substantively unified action. This consolidation and the leadership structure proposed herein will promote the interests of judicial efficiency and will reduce duplicity in discovery and litigation. Consolidating these actions will not prejudice or confuse any of the parties or members of the potential Classes.

Likewise, the appointment of Patrick A. Barthle, Terence R. Coates, and Gary M. Klinger as Interim Co-Lead Class Counsel and A. Brooke Murphy, Raina Borrelli, Philip J. Krzeski and William B. Federman as Members of the Plaintiffs' Executive Committee under Rule 23(g)(3) will support the unified and efficient prosecution of the consolidated actions, as set forth below.

### A. The Court Should Consolidate the Related Cases

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . ." Fed. R. Civ. P. 42(a)(2). A motion to consolidate "must meet the threshold requirement of involving a common question of law or fact, ... then whether to grant the motion becomes an issue of judicial discretion." *Moore v. BPS Direct, LLC,* 2019 WL 7762196 (D.S.C. 2019) (quoting *Pariseau v. Anodyne Healthcare Mgmt., Inc.*, No. 3:04–cv–630, 2006 WL 325379, at *2 (W.D.N.C. Feb. 9, 2006)). If the threshold requirement of involving a common question of law or fact is met, courts should then consider the following factors in determining whether to exercise its discretion to consolidate:

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. E. Air Lines, Inc.* 681 F.2d 186, 193 (4th Cir. 1982) (citing 9 C. Wright & Miller, Federal Practice & Procedure: Civil § 2383 (1971)).

Ultimately, "[c]ourts have 'broad discretion' to consolidate cases pending in the same district under Rule 42(a)." *Amazon Web Servs., Inc. v. Glob. Equity Mgmt. S.A.*, No. 3:16CV619, 2018 WL 10454867, at *1 (E.D. Va. Jan. 8, 2018) (citation omitted). Generally, "judicial economy favors consolidation because it saves time and expenses and avoids the risk of inconsistent judgments." *Manganaro MidAtlantic, LLC v. KBE Bldg. Corp.*, No. 3:19CV00080, 2020 WL 5209535, at *2 (W.D. Va. Sept. 1, 2020); *see also White v. Med. Rev. Inst. of Am., LLC*, No. 2:22CV00082-DAK-DAO, 2022 WL 2905665, at *1 (D. Utah July 22, 2022) ("Consolidation will provide for complete resolution in one proceeding and avoid unnecessary duplication of work and

the risk of inconsistent adjudications, thereby promoting the interests of judicial economy and convenience with no prejudice to the parties and the putative class.").

Where two or more actions against the same defendant share key factual and legal questions—including, as here, where the actions arise from the same Data Breach—consolidation under Rule 42(a) is warranted. *See, e.g.*, *Bedont v. Horizon Actuarial Servs., LLC*, No. 1:22-CV-01565-ELR, 2022 WL 3702117 (N.D. Ga. May 12, 2022) (granting consolidation of data breach actions); *Brown v. Accellion, Inc.*, No. 5:21-CV-01155-EJD, 2022 WL 767279 (N.D. Cal. Mar. 14, 2022) (same); *Griffey v. Magellan Health Inc.*, No. CV-20-01282-PHX-MTL, 2020 WL 5981904, at *2 (D. Ariz. Oct. 8, 2020) (same).

Consolidation will not cause any prejudice, inconvenience, or delay or impose additional expenses on the parties. Rather, early consolidation will optimize efficiency for the Court and the parties. The Related Cases are substantially identical, assert substantially overlapping factual allegations, involve substantially similar substantive theories of relief and are in a similar procedural posture. No responsive pleadings have been filed in any of the Related Cases.

Consolidation will allow the parties to avoid duplication during discovery since the Related Cases will involve the same relevant documents and the same individuals from Defendant will be deposed. Consolidation will further the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while imposing no significant prejudice.

In addition, to ensure continued judicial efficiency, Plaintiffs respectfully request the Court order that any future actions that are filed or transferred to this Court based on the same or similar facts and circumstances be consolidated into this action. *See, e.g.*, *In re Life Partners Holdings, Inc.*, No. DR-11-CV-43-AM, 2012 WL 12875942, at *1 (W.D. Tex. May 9, 2012) ("future cases 'arising out of the same or substantially the same transactions or events as the above

captioned cases' shall be united into the consolidated case."); *Troy Stacy Enters. Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 411 (S.D. Ohio 2021) ("All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into this action.").

Because consolidation here serves the interest and convenience of both the parties and the Court, through its promotion of judicial economy and efficiency, and doing so will not prejudice any party to the Related Cases, Plaintiffs respectfully request the Court enter an Order consolidating the Related Cases. Indeed, this motion is this motion has the support of the Plaintiffs from every case on file.

### B. The Court Should Appoint Interim Co-Lead Class Counsel

Patrick A. Barthle, Terence R. Coates, and Gary M. Klinger seek appointment as Interim Co-Lead Class Counsel pursuant to Rule 23(g)(3)—which allows the Court to designate Interim Co-Lead Class Counsel to act on behalf of a putative class before determining whether to certify the action as a class action.

To avoid inefficiency, duplication and possible prejudice to plaintiffs, and consistent with the interests of justice, the Manual for Complex Litigation recommends that courts in complex litigation should "institute procedures under which one or more attorneys are selected and authorized to act on behalf of other counsel and their clients." Manual for Complex Litigation (Fourth) ("MCL" or "Manual") § 10.22. The Committee Notes to the 2003 Amendments to Rule 23 emphasize that designation of interim class counsel prior to certification is appropriate because:

> [I]t will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. Settlement may be discussed before certification. It may also be important to make or respond to motions before certification.

Fed. R. Civ. P. 23 Advisory Committee Notes (2003). "Designation of lead counsel now ensures the protection of the interests of the class in making and responding to motions, conducting discovery, and negotiating possible settlements." *Szymczak v. Nissan N. Am., Inc.*, Nos. 10 CV 7493(VB), 12 CV 1495(VB), 12 CV 2149(VB), 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012) (citing MANUAL FOR COMPLEX LITIG. § 21.11 (4th ed. 2004)).

Rule 23(g) has criteria for the appointment of class counsel, including (1) work counsel has performed identifying or investigating potential claims in the action, (2) counsel's experience with claims of the type asserted in the action, (3) counsel's knowledge of the applicable law, and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(iiv) & (B). Although Rule 23(g)(3) does not specifically address the appointment of interim class counsel, courts often apply the Rule 23(g) factors that govern the appointment of counsel at the class certification stage. *See, e.g., In re Gerber Prods. Co. Heavy Metals Baby Food Litig.*, No. 121CV269MSNJFA, 2022 WL 1494378, at *2 (E.D. Va. May 10, 2022); *In re: Dairy Farmers of Am. Cheese Antitrust Litig.*, No. 1:09-cv-03690, 2013 WL 6050431, at *3 (N.D. Ill. Nov. 15, 2013).

The purpose of this Court's review is to ensure that counsel appointed to leading roles are "qualified and responsible, that they will fairly and adequately represent all parties on their side, and that their charges will be reasonable." *Manual for Complex Litig*. § 10.22. The ultimate goal is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* § 10.221; *see also Cappello v. Franciscan All., Inc.*, No. 3:16-CV-290-TLS-MGG, 2017 WL 781609, at *3 (N.D. Ind. Feb. 28, 2017). Ultimately, no single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the relative strengths of counsel. *See* Fed. R. Civ. P. 23(g)(1)(A)–(B); 7B Charles Alan Wright et al., *Fed. Prac. & Proc.*

§ 1802.3 (3d ed. 2005). "If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the entire class." Fed. R. Civ. P. 23(g)(2). Further, "[w]here consideration of other relevant factors does not tilt heavily in either direction, and there is a need for an objective tie-breaker, courts may also consider which party was first to file a complaint." *See, e.g.*, *Easton v. Bailey*, Case No. 12-01716-DMG, 2013 WL 12323847, at *1 (C.D. Cal. Jan. 4, 2013).

Here Proposed Counsel have successfully litigated numerous class actions involving data breaches and privacy claims on behalf of millions of consumers. Proposed Counsel possess the necessary resources to prosecute this litigation, have the support of the Plaintiffs from all cases on file, are working together collectively already, and will continue to work in this fashion to manage this litigation effectively and efficiently. Moreover, Proposed Counsel have previously and repeatedly worked together to successfully prosecute data breach class actions across the country. Because Proposed Counsel have the case-management and complex-litigation skills, experience, knowledge of the relevant facts and legal issues, and extensive resources needed to efficiently prosecute this action, the Court should grant Plaintiffs' motion.

**1. Proposed Co-Lead Counsel Have Performed Substantial Work Identifying, Investigating, and Litigating the Claims to Date.**

Immediately after the public announcement of Defendant's Data Breach, Proposed Counsel began investigating potential legal claims and remedies for the victims of the breach. Those investigations included, among other things:

- Investigating the facts surrounding the Data Breach;

- Investigating Defendant's corporate structure;

- Investigating Defendant's clients;

- Interviewing numerous consumers injured by the Data Breach;

- Researching legal claims;

- Retaining experts;

- Drafting initial pleadings; and

- Organizing Plaintiffs and counsel and consolidating the relevant action for unified proceedings, *i.e.*, via the Motion for Consolidation.

The facts surrounding this Data Breach as Plaintiffs understand them—and as they have alleged in their Complaints—are egregious in terms of the information exposed and scope of victims affected. Accordingly, Proposed Counsel worked to quickly organize. Work assignments have been, and will continue to be, allocated fairly and in a manner that takes advantage of the strengths of each firm while eliminating duplication.

Proposed Counsel operate as a cohesive, well-organized group. Going forward, and if appointed, Proposed Counsel will establish a standardized protocol for managing and reporting time and expenses incurred to prosecute the case as efficiently as possible. Accordingly, the substantial work and investigation to date weigh in favor of appointing Proposed Counsel under Fed. R. Civ. P. 23(g)(3). This appointment will serve the best interests of the class.

## 2. Proposed Counsel Possess the Necessary Experience and Skill to Prosecute This Action.

As set forth below, Proposed Counsel's résumés include extensive experience leading or helping to lead complex data-breach and privacy class actions, including most of the major data breach cases in the United States. They will formulate and present positions on substantive and procedural issues during the litigation. *See* Manual for Complex Litigation § 10.221 ("Typically [lead counsel] act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and

responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.").

Plaintiffs propose that the Court designate Patrick A. Barthle, Terence R. Coates, and Gary M. Klinger as Co-Lead Counsel and A. Brooke Murphy, Raina Borrelli, Philip J. Krzeski and William Federman as members of the Plaintiffs' Executive Committee. As demonstrated below, these attorneys have substantial class action and data breach experience and knowledge that will benefit the putative class as this litigation proceeds.

### a. Patrick A. Barthle II (Morgan & Morgan Complex Litigation Group)

Mr. Barthle is the third-longest tenured attorney in the Class Action Department of Morgan & Morgan. Morgan & Morgan is the largest plaintiff-oriented, contingency-only law firm in the country, with over 800 lawyers throughout the United States. Its depth of skill as a trial firm, and its self-funded financial resources, allow it to undertake the largest and most significant cases throughout the country. Morgan & Morgan has demonstrated its willingness to zealously advocate for clients in data breach class actions by, among other things, pursuing and successfully obtaining class certification over the defendant's objection, *see In re: Brinker Data Incident Litig.*, No. 3:18-cv-00686 (M.D. Fla.), and successfully appealing the dismissal of cases for lack of standing or failure to state a claim, *see, e.g.*, *Sheffler v. Americold Realty Trust,* No. 1:21-cv-1075-TCB (N.D. Ga.); *Ramirez v. The Paradies Shops, LLC*, No. 1:21-cv-03758 (N.D. Ga.); and *Bohnak v. Marsh & McLennan Cos., Inc.*, No. 1:21-cv-06096 (S.D.N.Y.).

Mr. Barthle has deep substantive experience in data breach cases such as this one. He has deposed multiple C-suite-level executives in these types of cases, prepared and examined expert witnesses, as well as briefed and argued motions for class certification and summary judgment in any number of data breach cases. For example, in *In re: Yahoo! Inc. Customer Data Security*

*Breach Litigation,* Case No. 16-md-2752, (N.D. Cal.), a data breach class action involving approximately 3 billion Yahoo user accounts, Mr. Barthle was deeply involved in discovery, including with the depositions of multiple Chief Information Security Officers ("CISO") and other cybersecurity related witness, including the Chief Information Officer ("CIO"); as well as assisting with the reports, and defending the depositions, of Plaintiffs' cybersecurity and identity theft experts. Likewise, in the *In re Capital One Customer Data Security Breach Litigation*, Case No.: 1:19-md-2915 (E.D. Va.) case, Mr. Barthle was heavily involved in all aspects of discovery including drafting and arguing myriad motions to compel and the taking of various depositions, including multiple corporate representative witnesses for both Capital One and Amazon Web Services, as well as arguing and briefing summary judgment and class certification.

That experience is buoyed by Mr. Barthle's involvement in most of the highest profile data breach cases in the country, including substantive roles in cases such as, amongst others: *In re The Home Depot, Inc. Consumer Data Sec. Data Breach Litig.*, No. 1:14-md-02583-TWT (N.D. Ga.) (data breach involving 40 million payment cards); *In re Office of Pers. Mgmt. Data Breach*, No. 1:15-mc-01394-ABJ (D.D.C.) (data breach involving millions of federal employees); *Adkins. v. Facebook, Inc.*, No. C 18-05982 WHA (JSC) (N.D. Cal.) (data breach involving millions of Facebook users); and *In re Equifax, Inc. Customer Data Sec. Breach Litigation*, 1:17-md-02800 (N.D. Ga.) (data breach involving in excess of 140 million individuals).

Mr. Barthle has been appointed as Class Counsel in a number of data privacy related cases, including:

- *Torres v. Wendy's Int'l., LLC*, No. 6:16-cv-210 (M.D. Fla.) (final approval granted), a payment card data breach case;

- *Morrow v. Quest*, No.: 2:17-cv-0948(CCC)(JBC) (D.N.J.) (Final Approval

entered), a healthcare data breach case involving the loss of private health information (PHI); and

- *Abdelmessih v. Five Below Inc.*, Case No. 2:19-cv-01487 (E.D. Pa.) (Final Approval entered), a payment card data breach case.

Apart from data privacy cases, Mr. Barthle has been appointed as Class Counsel in other consumer class action cases, including in *Swaney v. Regions*, Case No. 2:13-cv-00544-JHE (N.D. Ala.) (TCPA class action, Final Approval entered), *Peterson v. Apria Healthcare Group, Inc*., Case No. 6:19-cv-00856 (M.D. Fla.) (TCPA class action, Final Approval entered), and *Guidry v. Penn Credit*, Case No.: 6:19-cv-1936-Orl41LRH (M.D. Fla.) (TCPA class action, Final Approval entered); and in *Richards et al. v. Chime Financial, Inc., et al.*, Case No. 4:19-cv-06864 (N.D. Cal.), a case involving a payment disruption for certain payment card users.

Mr. Barthle is also no stranger to contested class certifications, having certified nationwide and multi-state classes in cases such as *Still v. Selene Finance, LP*, Case No. CJ-2013-51 (Okla. Dist. Ct, Nowata County) (multi-state certified class action concerning property inspections fees related to HUD-backed mortgages, now pending on appeal); and *Nolen et al. v. Fairshare Vacation Owners Association*, Case No. 6:20-cv-330-PGB-EJK (M.D. Fla.) (nationwide class certified concerning alleged breaches of fiduciary duties involving a Wyndham timeshare program).

Prior to his class action legal practice, Mr. Barthle attended the University of Florida where he was admitted to the Honors Program and graduated, *cum laude*, with a double major in History and Criminology. Thereafter he attended Washington and Lee University School of Law, graduating *summa cum laude*, where he was a Lead Articles Editor for the Washington & Lee Law Review, a member of the Order of the Coif and the Phi Delta Phi Legal Honor Society, and President of the W&L Law Families student organization. Mr. Barthle's practice began at

Greenberg Traurig, LLP, where he was involved in complex civil, commercial, and environmental litigation. Thereafter, he served as a judicial law clerk for two years to the Honorable Mary S. Scriven, United States District Judge, Middle District of Florida. Following his clerkship, Mr. Barthle joined Morgan & Morgan's Complex Litigation Group, where, as explained above, he has been litigating—almost exclusively—class action cases for several years.

### b. Terence R. Coates (Markovits, Stock & DeMarco, LLC)

Terence R. Coates is the managing partner of Markovits, Stock & DeMarco, LLC in Cincinnati, OH. He has extensive experience handling complex class action cases and is currently participating as a member of plaintiffs' counsel in the over 70 data breach and data privacy cases pending around the country, including serving as co-lead counsel for plaintiffs in *John v. Advocate Aurora Health, Inc.*, No. 22-CV-1253-JPS (E.D. Wis.) (class counsel for $12.25 million data privacy class action settlement); *Tucker v. Marietta Area Health Care, Inc.*, No. 2:22-cv-00185 (S.D. Ohio) (class counsel for $1.75 million data breach class action settlement); *Migliaccio v. Parker Hannifin Corp.*, No. 1:22-CV-00835 (N.D. Ohio) (class counsel for $1.75 million data breach class action settlement); *Vansickle v. C.R. England, Inc.*, No. 2:22-cv-00374 (D. Utah) (class counsel in data breach class actions settlement in principle); *Phillips v. Bay Bridge Administrators, LLC*, No. 1:23-cv-0220-LY (W.D. Tex.) (class counsel for plaintiffs); *Rodriguez v. Professional Finance Company, Inc.*, No. 1:22-cv-1679 (D. Colo.) (class counsel for plaintiffs); *Sherwood v. Horizon Actuarial Services, LLC*, No. 1:22-cv-1495 (N.D. Ga) (class counsel in data breach class actions settlement in principle); *Tracy v. Elekta, Inc.*, No. 1:21-cv-02851-SDG (N.D. Ga.); *Devine v. Health Aid of Ohio, Inc.*, No. CV-21-948117 (Cuyahoga County Court of Common Pleas, Ohio) (court-appointed class counsel in finally-approved class action settlement); *Engle v. Talbert House*, No. A 2103650 (Hamilton County Court of Common Pleas, Ohio) (court-appointed

class counsel in finally-approved class action settlement); *Lutz v. Electromed, Inc.*, No. 0:21-cv-02198 (D. Minn.) (class counsel in $825,000 data breach class settlement); and, *Morelli v. Jim Koons Management Co.*, No. 8:22-cv-00292-GJH (D. Md.) (class counsel in data breach class action settlement). Furthermore, Mr. Coates holds leadership positions in many other data privacy lawsuits including *In re Luxottica of America, Inc. Data Security Breach Litigation*, No. 1:20-cv-00908-MRB (S.D. Ohio; court-approved interim co-liaison counsel); *Tate v. EyeMed Vision Care, LLC*, No. 1:21-cv-00036 (S.D. Ohio; court-approved liaison counsel); *Medina v. PracticeMax Inc.*, No. CV-22-01261 (D. Ariz.) (court-appointed Executive Leadership Committee); *In re Netgain Technology, LLC Consumer Data Breach Litigation*, No. 2:10-cv-01210 (D. Minn.; court-appointed member of plaintiffs' steering committee); *In re 20/20 Eye Care Network Inc. Data Breach Litigation*, No. 21-cv-61275 RAR (S.D. Fla.; Plaintiffs' Executive Committee); and, *Baker v. ParkMobile, LLC*, No. 1:21-cv-02182 (N.D. Ga.; Plaintiffs' Steering Committee).

Mr. Coates was a member of co-lead counsel in several non-data breach class action cases including, *Compound Property Management LLC v. Build Realty, Inc.*, 343 F.R.D. 378, (S.D. Ohio 2023) (appointing Markovits, Stock & DeMarco, LLC as class counsel and certifying classes for Civil RICO and breach of fiduciary duty claims); *Shy v. Navistar International Corp.*, No. 92-cv-0333-WHR (S.D. Ohio) (class counsel for settlement valued at over $742 million); *Walker v. Nautilus, Inc.*, No. 2:20-cv-3414-EAS (S.D. Ohio) ($4.25 million settlement); *Bechtel v. Fitness Equipment Services, LLC*, No. 1:19-cv-726-KLL (S.D. Ohio) ($3.65 million settlement); *Ryder v. Wells Fargo Bank, N.A.*, No. 1:2019-cv-00638 (S.D. Ohio) (member of class counsel in a $12 million settlement on behalf of roughly 1,830 class members). Moreover, he has extensive experience participating in other high-profile class action cases including, *In re Fannie Mae Securities Litigation*, No. 1:04-cv-1639, (D.D.C.) (assisted in representing the Ohio public pension

funds as lead plaintiffs in a Section 10b-5 class action resulting in a $153 million settlement); and *Williams v. Duke Energy*, No. 1:08-cv-0046 (S.D. Ohio) (served as counsel for plaintiffs in a complex antitrust and civil RICO class action resulting an $80.875 million settlement).

Courts routinely recognize Mr. Coates and his firm as experienced in handling complex cases including class actions. *Shy v. Navistar Int'l Corp.*, No. 3:92-CV-00333, 2022 WL 2125574, at (S.D. Ohio June 13, 2022) ("Class Counsel, the law firm Markovits, Stock & DeMarco, LLC, are qualified and are known within this District for handling complex including class action cases such as this one."); *Bechtel v. Fitness Equip. Servs., LLC*, 339 F.R.D. 462, 480 (S.D. Ohio 2021) ("plaintiffs' attorneys have appeared in this Court many times and have substantial experience litigating class actions and other complex matters."); *Schellhorn v. Timios, Inc.*, No. 2:21-cv-08661, 2022 WL 4596582, at *4 (C.D. Cal. May 10, 2022) (noting that Class Counsel, including "Terence R. Coates of Markovits, Stock & DeMarco, LLC, have extensive experience litigating consumer protection class actions …."); *Bedont v. Horizon Actuarial Services, LLC*, No. 1:22-CV-01565, 2022 WL 3702117, at *2 (N.D. Ga. May 12, 2022) (noting that class counsel, including Mr. Coates, "are well qualified to serve as Interim Co-Lead Class Counsel and that they will fairly, adequately, responsibly, and efficiently represent all Plaintiffs in the Cases in that role.").

### c. Gary M. Klinger

Since its founding in 1965, Milberg has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements.[2] Milberg has been instrumental in

---

[2] *See, e.g.*, *In re Tyco Int'l Ltd., Sec. Litig.*, MDL 1335 (D.N.H.) (serving as lead counsel and obtaining approval of $3.2 billion settlement); *In re Prudential Ins. Co. Sales Practice Litig.*, No. 95-4704 (D.N.J.) (serving as lead counsel and recovering more than $4 billion for policyholders); *see also* https://milberg.com/outstanding-recoveries/.

obtaining precedent setting decisions at every level, including at the United States Supreme Court.[3] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of large-scale wrongdoing. Milberg has been described by the New York Times as "[a] powerhouse that compelled miscreant and recalcitrant businesses to pay billions of dollars to aggrieved shareholders and customers."[4]

Milberg is one of the largest plaintiffs' class action firms in the United States (and abroad). The firm currently is involved in some of the largest and well-known class action cases in the country and is particularly active in the field of data breach and privacy litigation. The firm is comprised of more than one hundred-twenty attorneys who work from offices across the United States and in Portugal, the United Kingdom, the Netherlands, and Germany.

Mr. Klinger is a Partner at Milberg and Chair of its Data Privacy and Cybersecurity Practice Group. Mr. Klinger is one of the most well-known and respected data privacy attorneys in the United States and has extensive experience serving as leadership in numerous privacy class actions, including as lead or co-lead counsel in the largest data breaches in the country. Over the past 3 years, Mr. Klinger has settled on a class-wide basis more than forty (40) class actions involving privacy violations, the majority of which are data breaches, in State and Federal courts across the country as lead or co-lead counsel. To his knowledge, no other attorney in the country has settled more data breach class actions during this time period. Representative cases include:

- *Parris, et al., v. Meta Platforms, Inc.*, Case No.2023LA000672 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger serves as lead counsel and obtained a settlement of $68.5 million for 4 million consumers in a privacy class action);

- *Boone v. Snap, Inc.*, Case No. 2022LA000708 (18th Cir. DuPage Cty., Ill.) (where

---

[3] *See* https://milberg.com/precedent-setting-decisions/page/3/.
[4] Sam Roberts, *Melvyn Weiss, Lawyer Who Fought Corporate Fraud, Dies at 82*, N.Y. TIMES, (Feb. 5, 2018), https://www.nytimes.com/2018/02/05/obituaries/melvyn-weiss-lawyer-who-fought-corporate-fraud-dies-at-82.html.

Mr. Klinger served as lead counsel and obtained a settlement of $35 million for 3 million consumers in a privacy class action);

- *Carrera Aguallo v. Kemper Corp.*, Case No. 1:21-cv-01883 (N.D. Ill. Oct. 27, 2021) (where Mr. Klinger served as lead counsel in a data breach class action involving 6 million consumers and reached a settlement valued at $17 million);

- *Heath v. Insurance Techs. Corp.*, No. 21-cv- 01444 (N.D. Tex.) (where Mr. Klinger served as lead counsel and reached a class-wide settlement for $11 million for a major data breach involving more than 4 million consumers).

Mr. Klinger is presently serving as court-appointed lead-counsel in several of the largest privacy class actions in the country, including:

- *In re Meta Browser Tracking Litigation*, Case No. 3:22-cv-05267-AMO (N.D. Cal.) (where Mr. Klinger is court-appointed co-lead counsel to tens of millions of consumers in a privacy class action against Facebook);

- *Morrill v. Lakeview Loan Servicing, LLC*, Case No. 1:22-cv-20955-DPG (S.D. Fla.) (where Mr. Klinger is appointed to the leadership committee in a data breach class action involving 6 million consumers);

- *Sherwood v. Horizon Actuarial Services, LLC*, Case No. 1:22-cv-01495-ELR (N.D. Ga.) (where Mr. Klinger is court-appointed co-lead counsel in a data breach class action involving 4 million consumers);

- *In re: Cerebral, Inc. Privacy Practices*, Case No. 2:23-cv-1803 (C.D. Cal.) (where Mr. Klinger is court-appointed co-lead counsel in a privacy class action involving 3 million consumers);

- *Dusterhoft v. OneTouchPoint Corp.*, Case No. 2:22-cv-00882-BHL (E.D. Wis.) (where Mr. Klinger is court-appointed co-lead counsel in a data breach class action involving 4 million consumers); and

- *In re: Arthur J. Gallagher*, Case No. 1:22-cv-000137 (N.D. Ill) ((where Mr. Klinger is court-appointed co-lead counsel in a data breach class action involving 3 million consumers).

Of recent, Mr. Klinger has been instrumental in bringing national attention to the unlawful disclosure of personally identifiable information through the use of online tracking technologies (e.g., the Meta Pixel), including by investigating and filing one of the first cases of its kind in the United States. *See Quinto v. The Regents of the University of California*, Case No. 22-cv-012970

(Sup. Ct. Alameda Cty.) (complaint filed June 16, 2022). In the wake of that lawsuit, and due to Mr. Klinger's investigation, UCLA issued notice to more than 94,000 California consumers advising their private information had been unlawfully disclosed to third-parties.[5] *See* https://www.uclahealth.org/data-notice.  Mr. Klinger is presently litigating more than a dozen similar class actions against various companies for their use of tracking technologies such as Meta Pixel. Moreover, he is one of the few lawyers in the country to have settled a data privacy class action over its use of tracking technologies on a class-wide basis.  *See John v. Advocate Aurora Health, Inc.*, No. 22-CV-1253-JPS (E.D. Wis.) (appointed co-lead counsel with preliminary approval of a $12 million settlement filed on August 11, 2023).

Mr. Klinger has also successfully litigated privacy class actions through class certification. In *Karpilovsky v. All Web Leads, Inc*., No. 17 C 1307, 2018 WL 3108884, at *1 (N.D. Ill. June 25, 2018), Mr. Klinger certified, over objection, a nationwide privacy class action involving more than one million class members. *Id*. In a recent nationwide privacy class settlement hearing in the U.S. District Court for the Northern District of California, Judge Richard Seeborg personally commended Mr. Klinger for "quite a substantial recovery for class members." Judge Seeborg further stated he could not recall any class action case where "the amounts going to each class member were as substantial" as that obtained by Mr. Klinger (and his co-counsel). In addition to his professional experience, Mr. Klinger is presently pursuing his Masters of Laws (LLM) in Data

---

[5] In the wake of the *Quinto* lawsuit, the Department of Health and Human Services (DHHS) issued a bulletin on the requirements under HIPAA for online tracking technologies providing that "[r]egulated entities are not permitted to use tracking technologies in a manner that would result in impermissible disclosures of ePHI to tracking technology vendors or any other violations of the HIPAA Rules."  *See*  https://www.hhs.gov/about/news/2022/12/01/hhs-office-for-civil-rights-issues-bulletin-on-requirements-under-hipaa-for-online-tracking-technologies.html.

Privacy and Cybersecurity from the University of Southern California Gould School of Law and is a Certified Information Privacy Professional (CIPP/US).

### d.  A. Brooke Murphy (Murphy Law Firm)

For more than a decade, Ms. Murphy has specialized in representing plaintiffs in class actions and other complex litigation. Ms. Murphy has litigated numerous data breach class actions across the country where she has obtained several successful rulings on issues of standing, pleading, and class certification. Ms. Murphy has similarly overcome common challenges by defendants in data breach class actions, including on matters involving the applicability of arbitration clauses, assertions of privilege or work-product protections, and attempts to exclude expert testimony. Through her involvement in data breach class actions, Ms. Murphy has worked closely with consulting and testifying experts to assist in the preparation of data security and damages reports. Ms. Murphy has conducted technical depositions of data security personnel, forensic investigators, and information security consultants. Ms. Murphy is also well-skilled in managing and navigating large document productions and has overseen the search and review of productions involving millions of pages of documents. Based on her years of extensive experience, Ms. Murphy has been court-appointed as class counsel or co-lead counsel in several data breach class actions. *See, e.g., In re: Mondelez Data Breach Litig.*, Case No. 1-23-CV-03999 (N.D. Ill.); *Perez v. Carvin Wilson Software, LLC,* Case No. CV-23-00792-PHX-SMM (D. Ariz.), *Sanders, et al., v. Ibex Global Solutions, Inc., et al.*, Case No. 1:22-cv-00591-TNM (D.C.C.); *In re: Solara Medical Supplies Data Breach Litig.,* Case No. 3:19-cv-00284-H-KSC (S.D. Cal.); *McFarlane v. Altice USA, Inc.,* Case No. 20-CV-1297-JMF (S.D.N.Y.).

### e.      Raina Borrelli (Turke & Strauss LLP)

Ms. Borrelli is a partner at Turke & Strauss LLP, where she leads the firm's class action practice group. Turke & Strauss's class action practice focuses on complex class action litigation, including data breach, Telephone Consumer Protection Act ("TCPA"), false advertising, and consumer protection cases in state and federal courts around the country. Ms. Borrelli received her J.D. *magna cum laude* from the University of Minnesota Law School in 2011. Before joining Turke & Strauss, Ms. Borrelli was a partner at Gustafson Gluek PLLC, a boutique class action firm in Minneapolis, Minnesota, where she successfully prosecuted complex class actions in federal and state courts, including *Hudock v. LG Electronics USA, Inc.*, 16-cv-1220 (JRT/KMM) (D. Minn.); *Baldwin v. Miracle-Ear, Inc.*, 20-cv-01502 (JRT/HB) (D. Minn.); *In re FCA Monostable Gearshifts Litig.*, 16-md-02744 (E.D. Mich.); *Zeiger v. WellPet LLC*, 17-cv-04056 (N.D. Cal.); *Wyoming v. Procter & Gamble*, 15-cv-2101 (D. Minn.); *In re Big Heart Pet Brands Litig.*, 18-cv-00861 (N.D. Cal.); *Sullivan v. Fluidmaster*, 14-cv-05696 (N.D. Ill.); *Rice v. Electrolux Home Prod., Inc.*, 15-cv-00371 (M.D. Pa.); *Gorczynski v. Electrolux Home Products, Inc.*, 18-cv-10661 (D.N.J.); *Reitman v. Champion Petfoods*, 18-cv-1736 (C.D. Cal.); *Reynolds, et al., v. FCA US, LLC*, 19-cv-11745 (E.D. Mich.).

Ms. Borrelli has significant experience in data privacy litigation and is currently litigating more than fifty data breach cases in courts around the country as lead counsel or co-counsel on behalf of millions of data breach victims, including *In re Netgain Tech. Consumer Data Breach Litig.*, 21-cv-1210 (D. Minn.) (appointed by the court to the Plaintiffs' Interim Executive Committee); *In re C.R. England, Inc. Data Breach Litig.*, 2:22-cv-374-DAK-JCB (appointed by the court has Interim Co-Lead Counsel); *Medina et al. v. PracticeMax Inc.*, 22-cv-01261-DLR (D. Ariz.) (appointed to Executive Leadership Committee); *Forslund et al. v. R.R. Donnelley & Sons Co.*, 1:22-cv-04260 (N.D. Ill.) (appointed as interim co-lead class counsel); *In re Lincare Holdings,*

*Inc. Data Breach Litig.*, 8:22-cv-01472 (M.D. Fla.) (appointed to Interim Executive Leadership Committee); *McLaughlin v. Flagstar*, 22-cv-11470 (E.D. Mich.); *Corra et al. v. Acts Retirement Services, Inc.*, 2:22-cv-02917 (E.D. Pa.); *Grogan v. McGrath RentCorp., Inc.*, 22-cv-490 (N.D. Cal.); *Goetz v. Benefit Recovery Specialists, Inc.*, Case No. 2020CV000550 (Wis. Cir. Ct., Walworth Cty.) (data breach settlement on behalf of 500,000 breach victims); *Kunkelman v. Curators of the University of Missouri, d/b/a MU Health Care*, Case No. 21BA-CV00182 (Mo. Cir. Ct., Boone Cty.); *Baldwin v. Nat'l Western Life Ins. Co.*, 21-cv-04066-WJE (W.D. Mo.) (settlement on behalf of 800,000 data breach victims).

In addition to her robust data breach practice, Ms. Borrelli is also currently litigating a variety of consumer protection cases, including under the TCPA, various state right of publicity laws, and under the Illinois Biometric Information Privacy Act, including *Patterson v. Respondus University, et al.* 20-cv-7692 (N.D. Ill.); *Murray, et al. v. Grocery Delivery E-Services USA Inc. d/b/a Hello Fresh*, 19-cv-12608 (D. Mass.) ($14 million TCPA class settlement); *Baldwin, et al. v. Miracle-Ear, Inc., et al.*, 20-cv-1502 (D. Minn.) ($8 million TCPA class settlement); *Callahan v. PeopleConnect, Inc.*, 20-cv-9203 (N.D. Cal.); *Kellman v. Spokeo, Inc.*, 21-cv-8976 (N.D. Cal.).

### f.   Philip J. Krzeski (Chestnut Cambronne PA)

Philip J. Krzeski, of Chestnut Cambronne PA, has litigated numerous complex Rule 23 class actions across the country in the data breach context. Mr. Krzeski has experience in all phases of litigation and has played a significant role in the following data breach cases: *Johnson v. Yuma Regional Medical Center*, No. 2:22-cv-01061 (D. Ariz.); *In re EyeMed Vision Care, LLC Data Security Breach Litigation*, No. 1:21-cv-00036-DRC (S.D. Ohio); *Hale v. ARcare*, No. 3:22-cv-00117 (E.D. Ark.); *Hightower v. Receivables Performance Management, LLC*, No. 2:22-cv-01683 (W.D. Wash.); *Perry v. Bay & Bay Transportation Services, LLC*, No. 22-cv-00973 (D. Minn.);

*Boykin v. Choice Health Ins.*, No. 4:22-cv-03940 (D.S.C.); *In re Advocate Aurora Health Pixel Litig.*, No. 2:22-cv-01253 (E.D. Wis.); and *Thomsen, et al., v. Morley Cos., Inc.*, No. 1:22-cv-10281 (E.D. Mi.). In litigating these cases, Mr. Krzeski has performed substantial work in briefing, discovery, mediation, and settlement approval.

Outside of the data breach context, Mr. Krzeski has an active nationwide wage and hour and class action practice. He has served as lead counsel in class actions matters from the filing of the complaint to final approval of the settlement, including briefing and arguing class certification. *See, e.g., Branning v. Romeo's Pizza, Inc.*, 594 F. Supp.3d 927, 934 (N.D. Ohio 2022) (obtaining Rule 23 class certification). He directly contributed to several "landmark" wage and hour decisions in the minimum wage employee context. *Hatmaker v. PJ Ohio, LLC*, No. 3:17-cv-146, 2019 WL 5725043, at *7 (S.D. Ohio Mar. 26, 2019) (prevailing on summary judgment on precise interpretation of law in the minimum wage kick-back context); *see also Clark v. Pizza Baker, Inc., et al.*, No. 2:18-cv-157, 2019 WL 4601930 (S.D. Ohio Sept. 23, 2019) (overcoming Domino's Pizza corporate entities' motion to dismiss on joint employer).

Mr. Krzeski's work has led to the resolution of over a dozen seven-figure settlements. For his work, he was selected as one of the youngest attorneys to be included in Ohio SuperLawyers, Rising Star List for class actions for 2020, 2021, and 2022. The appointment of Mr. Krzeski to the leadership structure will be consistent with the suggestions made by the Duke Law Center for Judicial Studies in its *Standards and Best Practices for Large and Mass-Tort MDLs*, which recognize the need to provide opportunities for younger attorneys to take leadership roles in complex class litigation. [6]

---

[6] *See* https://scholarship.law.duke.edu/cgi/viewcontent.cgi?article=1004&context=bolch (last viewed: March 2, 2013) (stating at p. 45, "[r]esearch shows that having a mix of experienced and new players enhances creativity and innovation, leads to better decisionmaking and problem solving and promotes discussion of novel concepts raised by those who historically have not been in leadership.").

### g. William B. Federman (Federman & Sherwood)

Mr. Federman, the founder of Federman & Sherwood – one of the leading AV-rated plaintiff law firms in the country – has more than forty (40) years of diverse, hands-on, trial, appellate, data breach, complex financial fraud, commercial, consumer, and class action litigation experience, representing both plaintiffs and defendants in federal and state courts as well as arbitration forums across the United States, with extensive experience in complex e-discovery matters. Mr. Federman has litigated claims similar to those asserted here in other data breach cases at the top management levels and has extensive experience as lead counsel in other consumer class actions and MDLs.

Mr. Federman has recently served (or is currently serving) in leadership positions in similar data breach cases, including: *Perez, et al. v. Carvin Wilson Software, LLC*, No. 2:23-cv-00792-PHX-SMM (Dist. Ariz.) (ECF No. 8) (interim co-lead class counsel); *Bingaman, et al. v. Avem Health Partners, Inc.*, No. CIV-23-134-SLP (W.D. Okla.) (interim lead counsel and liaison counsel) *Deevers v. Wing Financial Services LLC*, No. 22-CV-0550-CVE-JFJ (N.D. Okla. 2022) (interim co-lead class counsel); *Doughty v. Central Square Technologies, LLC, et al.,* No. CIV-20-500-G (W.D. Okla.) (settlement class counsel); *McPherson v. American Bank Systems, Inc.*, no. CIV-20-1307-G, 2021 WL 932042 (W.D. Okla. 2021) (interim liaison counsel); *Sanders, et al., v. Ibex Global Solutions, Inc., et al.*, No. 1:22-cv-00591-TNM (D.D.C.) (co-lead counsel); *Mackey v. Belden, Inc.*, No. 4:21-cv-00149-JAR (E.D. Mo.) (co-lead counsel); and *Mednax Services, Inc., Customer Data Security Breach Litigation*, No. 21-MD-02994-RAR, ECF No. 43 (S.D. Fla. 2021) (interim co-lead counsel).

Additionally, Federman & Sherwood has thwarted multiple motions to dismiss filed in data breach class actions with the same or similar allegations to those alleged herein. *See, e.g., Bowen*

*v. Paxton Media Group, LLC*, No. 5:21-cv-00143-GNS, (W.D. Ky.) (Order dated Sept. 8, 2022) (Order grating in part and denying in part the defendant's motion to dismiss) (ECF No. 39); *In re: Solara Medical Supplies Data Breach Litigation,* Case No. 3:19-cv-00284-H-KSC (S.D. Cal.) (Order granting in part and denying in part the defendant's motion to dismiss) (ECF No. 42); *In re: Brinker Data Incident Litigation,* No. 3:18-cv-686-J-32MCR (M.D. Fla.) (Order dated July 27, 2020) (ECF No. 122); *Neville McFarlane, et al. v. Altice USA, Inc.*, No. 1:20-cv-01297-JMF (S.D.N.Y.) (Opinion and order dated Mar. 8, 2021) (ECF No. 58); *Finesse Express, LLC, et al. v. Total Quality Logistics, LLC*, No. 1:20-cv-00235-MRB (S.D. Ohio) (Order dated Mar. 30, 2021) (ECF No. 22); *Mackey, et al. v. Belden, Inc.*, No. 4:21-cv-00149-JAR (E.D. Mo.) (Order dated Aug. 3, 2021) (ECF No. 22); and *Fischer v. CentralSquare Technologies, LLC*, No. 21-cv-60856-RAR (S.D. Fla) (Order granting in part and denying in part the defendant's motion to dismiss) (ECF No. 28).

In addition, Mr. Federman has been appointed and currently serves as a Special Master for the District Court of Oklahoma County (*Access Financial Group, Inc. v. McGuire, et al*., Case No. CJ-2020-2542)(Andrews, J.); was a member of the Arbitration Panel, New York Stock Exchange (1985 – 1995); is a member of the Oklahoma County Bar Association (Member, Committee on Professionalism, 1987-1990); the Oklahoma (Committee on Professional Ethics, 2019-present), Texas, and New York Bar Associations; the American Bar Association (Committee on Securities Litigation and Corporate Counsel); The District of Columbia Bar; the Securities Industry Association (Law and Compliance Division); American Inns of Court (Barrister, 1990-1993); Martindale-Hubble (peer review rating of AV Preeminent in both ethical standards and legal ability); and the Litigation Counsel of America (Trial Lawyer and Appellate Lawyer Honorary Society).

In summary, Federman & Sherwood has served in leadership positions *in over sixty class actions* (consumer and financial matters), working with a multitude of law firms across the country and is well-qualified to assist in this case, and has enjoyed great success in doing so.

### 3. Proposed Counsel Have and Will Continue to Commit the Resources Necessary to Fairly and Adequately Represent the Class.

A court appointing interim class counsel should consider, in part, the resources that counsel will commit to representing the putative class. Fed. R. Civ. P. 23(g)(1)(c). Here, Proposed Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the country. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the Class members. In fact, Proposed Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to this litigation and coordinating among themselves to file this leadership proposal. They are also expected to pay assessments when necessary to ensure that adequate funds are available to prosecute this litigation. And, as counsels' experience indicate, Proposed Counsel have the resources to see this litigation through to its conclusion, including trial.

### 4. Proposed Counsel were First-to-File and Submit a Coordinated Leadership Structure.

Notably, Proposed Counsel were the first firms to file complaints against Defendant. *See In re Mun. Derivatives Antitrust Litig*., 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (appointing as interim lead counsel the firms that filed the first complaints); *Steele v. United States*, No. 14-1523, 2015 WL 4121607, at *4 (D.D.C. June 30, 2015) ("[S]ince both groups are more than qualified to handle this action, it would be imminently reasonable to select the Motley Rice Group on the basis that their complaint was filed first."); *Michelle v. Arctic Zero, Inc*., Case No. 12cv1063, 2013 WL

791145, at *2 n.3 (S.D. Cal. Mar. 1, 2013) ("[F]irst-to file can be a relevant factor when the factors for class counsel do not tilt heavily in either direction and there is a need for an objective tie-breaker."); *Richey v. Ells*, Case No. 12-cv-1831, 2013 WL 179234, at *2 (D. Colo. Jan. 17, 2013) ("Ultimately, Plaintiff Richey was the first to file his case and, therefore, the Court appoints his counsel as Lead Counsel for the consolidated action."). Here, the proposed leadership structure is supported by counsel for all Related Actions—including the first filed Hernandez action, No. 7:23-cv-04256-DCC.

### 5. Other Factors Support Designating Proposed Counsel.

As an initial matter, Plaintiffs' proposed leadership structure has the support of all Plaintiffs and the law firms involved this litigation, which further supports their appointment. *See In re Aluminum Phosphide Antitrust Litig.*, No. 93-2452, 1994 WL 481847, at *5, 7 (D. Kan. May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their counsel."); *In re Wendy's Co. S'holder Derivative Litig.*, No. 1:16-cv-1153, 2018 WL 6605394, at *2 (S.D. Ohio Dec. 17, 2018) ("[C]ounsel's ability to make inclusive efforts on behalf of all plaintiffs is an 'essential attribute' for lead counsel.") (citation omitted); *Manual for Complex Litigation* §§ 10.22 (noting desirability of "the attorneys coordinat[ing] their activities without the court's assistance"), 10.272 (describing "private ordering" approach).

Another important consideration in selecting leadership is proposed counsel's ability to work well as a team, with opposing counsel, and with the Court. The role of leadership in complex litigation places a premium on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the Court, all of which are critical to successful management of the litigation. *See Manual for Complex Litigation* § 10.21. One of the demanding aspects of complex

litigation is "the difficult[y] of having to communicate and establish effective working relationships with numerous attorneys (many of whom may be strangers to each other)." *Id*. From the moment their cases were filed, Proposed Counsel moved quickly to coordinate the proposed leadership structure. Proposed Counsel seek this leadership structure to best serve the interests of the classes in the most efficient manner possible.

Moreover, Plaintiffs' counsel of consolidated litigation must effectively merge together to form an alliance against often well-financed opponents. *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLS* (2d Ed.), at 43.[7] The potential for disorganization, in-fighting, and inefficiencies means it is useful to consider whether counsel applying for leadership "have worked together in other cases, their ability to collaborate in the past, divide work, avoid duplication, and manage costs." *Id.* Proposed Counsel have developed working relationships, know of complementary talents, and have "developed certain systems for handling workflow and comparative advantages that will help expedite the case relative to a leadership committee working together for the first time." *Id.* Proposed Counsel have extensive experience working with one another across the country in data breach cases. Proposed Counsel are thus well-suited to jointly prosecute this action.

Finally, Proposed Counsel have not made any agreements with each other with respect to funding, cost-sharing, pooling clients, fees, or any other matter. Each will be required to make contributions to fund the litigation, and they will not accept any third-party litigation funding to do so. While Proposed Counsel intend to litigate the case zealously, they are fully aware of the Court's expectation that they prosecute the case efficiently and without duplication. Accordingly,

---

[7] https://scholarship.law.duke.edu/cgi/viewcontent.cgi?article=1004&context=bolch (last viewed Aug. 29, 2023).

they have already discussed how best to organize to effectively use their members' diverse skills and unique experiences for the case's prosecution and management, while avoiding unnecessary and duplicative billing.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court consolidate Case Nos. 7:23-cv-04257-DCC, 7:23-cv-04283-DCC, 7:23-cv-04286-DCC, 7:23-cv-04304-DCC, 6:23-cv-04347-DCC and 6:23-cv-04354-DCC into the first filed action, Case No. 7:23-cv-04256. Plaintiffs further request that the Court appoint Patrick A. Barthle, Terence R. Coates, and Gary M. Klinger as Interim Co-Lead Counsel for the consolidated action, and appoint A. Brooke Murphy, Raina Borrelli, Philip J. Krzeski and William B. Federman as members of the Plaintiffs' Executive Committee.

### Local Rule 7.02 Certification

As noted above, Plaintiffs in all the Related Actions consent to and agree with the relief sought herein. At present, Plaintiffs are unaware of the identification of counsel for Defendant, and thus are unable to ascertain its position concerning this motion.


Date: September 1, 2023                    Respectfully Submitted,


                                           /s/ Dylan A. Bess
                                           **DYLAN A. BESS, ESQ. (SC BAR NO. 101648)**
                                           **MORGAN & MORGAN, ATLANTA PLLC**
                                           P.O. Box 57007 Atlanta, GA 30343-1007
                                           (404) 965-1886
                                           sbrown@forthepeople.com

                                           Patrick A. Barthle II (pro hac admission pending)
                                           Florida Bar No. 99286
                                           pbarthle@ForThePeople.com
                                           **MORGAN & MORGAN**

**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 229-4023
Facsimile: (813) 222-4708

Terence R. Coates (pro hac vice)
Justin C. Walker (pro hac admission forthcoming)
**MARKOVITS, STOCK, & DEMARCO, LLC**
119 E. Court St., Ste. 530
Cincinnati, Ohio 45202
Phone: (513) 651-3700
Fax: (513) 665-0219
*tcoates@msdlegal.com*
*jwalker@msdlegal.com*

Gary M. Klinger
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: (866) 252-0878
E-mail: gklinger@milberg.com

Samuel J. Strauss
Raina C. Borrelli
**TURKE & STRAUSS LLP**
613 Williamson St., Ste. 201
Madison, WI 53703
Phone: (608) 237-1775
Facsimile: (608) 509-4423
*sam@turkestrauss.com*
*raina@turkestrauss.com*

A. Brooke Murphy (pro hac admission forthcoming)
**MURPHY LAW FIRM**
4116 Will Rogers Pkwy, Suite 700
Oklahoma City, OK 73108
Telephone: (405) 389-4989
*abm@murphylegalfirm.com*

Philip Krzeski (0095713) (pro hac vice forthcoming)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401

Phone: (612) 339-7300
Fax: (612) 336-2940
*pkrzeski@chestnutcambronne.com*

William B. Federman (pro hac vice forthcoming)
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
*wbf@federmanlaw.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 1, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Dylan A. Bess_____