IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Crystal Hernandez and Salvador Flores Hernandez, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>Advance America, Cash Advance Centers, Inc. and Advance America, Cash Advance Centers of California, LLC,<br><br>Defendants.<br>_____ | C/A No. 7:23-cv-04256-DCC<br><br><br><br><br><br><br>**ORDER** |
| Ralph Gibson, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Advance America, Cash Advance Centers, Inc.<br><br>Defendant.<br>_____ | C/A No. 7:23-cv-04257-DCC |
| Scott Gibson, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Advance America, Cash Advance Centers, Inc.<br><br>Defendants.<br>_____ | C/A No. 7:23-cv-04283-DCC |

1

| | |
|---|---|
| Kevin Burns, *on behalf of himself and all others similarly situated*, | C/A No. 7:23-cv-04286-DCC |
| Plaintiff, | |
| v. | |
| Advance America, Cash Advance Centers, Inc. d/b/a Advance America, | |
| Defendant. | |
| Tamara Knuutila and Jose Garcia, *on behalf of themselves and all others similarly situated*, | C/A No. 7:23-cv-04304-DCC |
| Plaintiffs, | |
| v. | |
| Advance America, Cash Advance Centers, Inc.; Advance America Centers of Tennessee, Inc. d/b/a Advance America; and Advance America Centers of California, LLC d/b/a Advance America, | |
| Defendants. | |
| John Wilkinson, *on behalf of himself and all others similarly situated*, | C/A No. 6:23-cv-04347-DCC |
| Plaintiff, | |
| v. | |
| Advance America, Cash Advance Centers, Inc., | |
| Defendant. | |
| Dana Jones, *on behalf of herself and* | C/A No. 6:23-cv-04354-DCC |

```
all others similarly situated,            )
                                          )
                              Plaintiff,  )
                                          )
v.                                        )
                                          )
Purpose Financial, Inc. f/k/a Advance     )
America, Cash Advance Centers, Inc.,      )
                                          )
                              Defendant.  )
_____ )
```

This matter is before the Court on Plaintiffs' Motion to Consolidate and Appoint Interim Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.  ECF No. 6.  Defendants do not oppose the Motion to Consolidate and take no position as to the appointment of interim leadership counsel.  ECF No. 23.  The Court turns first to the Motion to Appoint Interim Class Counsel.

In support of their Motion, Plaintiffs assert that their attorneys satisfy the requirements of Rule 23 regarding the appointment of interim class counsel.[1]  Rule 23 establishes the procedure for appointing counsel in the class action context.  Under Rule 23(g)(3), "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."[2] *Id.* However, as

---

[1] "In appointing class counsel, the court: (A) must consider: i. the work counsel has done in identifying or investigating potential claims in the action; ii. counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; iii. counsel's knowledge of the applicable law; and iv. the resources that counsel will commit to representing the class; . . . ."  Fed. R. Civ. P. 23(g)(1)(A).

[2] "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions,

3

specified in Rule 23(g)(1), there is no requirement that the court appoint interim class counsel because the Rule contemplates that the court certify a class first and then appoints class counsel. *Id.* ("Unless a statute provides otherwise, a court that certifies a class must appoint class counsel."). Ultimately, the court's goal is to "appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

The Court has thoroughly reviewed the submission by Plaintiffs. Upon such review and in consideration of the applicable law, the Court finds that appointment of interim class counsel is appropriate.

The Court likewise finds that consolidation is proper in these actions. The Court makes this determination upon consideration of Federal Rule of Civil Procedure 42 and Plaintiffs' filings.

Therefore, based upon the foregoing, the Court **GRANTS** the Motion to Appoint Interim Class Counsel [6]. The Court appoints Patrick A. Barthle II of Morgan & Morgan Complex Litigation Group; Terence R. Coates of Markovits Stock & DeMarco, LLC; and Gary M. Klinger of Milberg Bryson Phillips Grossman PLLC as Interim Co-Lead Counsel and appoints A. Brooke Murphy of Murphy Law Firm; Raina Borrelli of Turke & Strauss LLP; Philip J. Krzeski of Chestnut Cambronne PA; and William B. Federman of Federman & Sherwood as members of the Plaintiffs' Executive Committee. The Court further **GRANTS** the Motion to Consolidate 7:23-cv-04257-DCC, 7:23-cv-04283-DCC, 7:23-cv-04286-DCC, 7:23-cv-04304-DCC, 6:23-cv-04347-DCC and 6:23-cv-04354-DCC into the

---

conducting any necessary discovery, moving for class certification, and negotiating settlement." *Manual for Complex Litigation* (Fourth) § 21.11, at 246 (2004).

first filed action, 7:23-cv-04256. Plaintiffs shall file their consolidated class action complaint 30 days of this Order. Defendants shall have 45 days after the filing of the consolidated complaint to file their responsive pleading. If Defendants file a motion to dismiss the consolidated complaint, Plaintiffs shall have 30 days to respond and Defendants shall have 21 days to file any reply.

    IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

October 26, 2023
Spartanburg, South Carolina