**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| CRYSTAL HERNANDEZ, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PURPOSE FINANCIAL, INC. f/k/a ADVANCE AMERICA CASH ADVANCE CENTERS, INC. *et al.*<br><br>Defendants. | Case No. 7:23-cv-04256-JDA<br><br><br><br>**ORDER ON PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter is before the Court on Plaintiffs' unopposed motion for preliminary approval of class action settlement ("motion"). [Doc. 112.] The Court has reviewed the motion and Settlement Agreement between Plaintiffs and Purpose Financial, Inc. f/k/a Advance America Cash Advance Centers, Inc., and its nine subsidiary companies[1] (collectively "Defendants" or "Purpose Financial"). After reviewing Plaintiffs' unopposed request for preliminary approval seeking approval of a $7,775,000 non-reversionary common fund settlement, this Court grants the motion and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate.

---

[1] Advance America, Cash Advance Centers of California, LLC; Advance America, Cash Advance Centers of Florida, LLC; Advance America, Cash Advance Centers of Indiana, Inc.; Advance America, Cash Advance Centers of Kentucky, Inc.; ACSO of Michigan, Inc.; Advance America, Cash Advance Centers of Mississippi, LLC; Advance America, Cash Centers of Nevada, Inc.; Advance America, Cash Advance Centers of Ohio, Inc.; and Advance America, Cash Advance Centers of Tennessee, Inc.

**IT IS HEREBY ORDERED THAT:**

1. The Settlement Agreement,[2] including the proposed notice plan and forms of notice to the Settlement Class, the appointment of Plaintiffs as the Class Representatives, the appointment of Patrick A. Barthle II of Morgan & Morgan Complex Litigation Group; Terence R. Coates of Markovits Stock & DeMarco, LLC; and Gary M. Klinger of Milberg Bryson Phillips Grossman PLLC as Class Counsel for Plaintiffs and the Settlement Class, the approval of Simpluris, Inc. as the Settlement Administrator, the various forms of class relief provided under the terms of the settlement, and the proposed method of distribution of settlement benefits are fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2. The Court does hereby preliminarily and conditionally approve and certify, for settlement purposes, the following Settlement Class:

> All natural persons residing in the United States whose Private Information was accessed or acquired as a result of the Data Incident reported by Purpose Financial in August 2023.
>
> Excluded from the Settlement Class are: (1) the Judge presiding over this Litigation and members of the presiding Judge's direct family; (2) the Defendants, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or its parents have a controlling interest and their respective current or former officers and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

3. For purposes of settlement, based on the information provided: the Settlement Class is ascertainable; it consists of roughly 2,000,000 Settlement Class Members, satisfying numerosity; there are common questions of law and fact including

---

[2] All capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

whether Defendants failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Incident, satisfying commonality; the proposed Class Representatives' claims are typical in that they allege they have been damaged by the same conduct and in the same or similar ways as the other members of the Settlement Class; the proposed Class Representatives and Class Counsel fully, fairly, and adequately protect the interests of the Settlement Class; questions of law and fact common to members of the Settlement Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

4.  The Court appoints Plaintiffs Heather McCreedy, Scott Gibson, Kathryn Rohrer, Latoya Lindsey, Michael Smelley, Robert Durham, Stacy Lowe, Stephanie Jennings, Tirance Kennedy, Brian James, Brooke Pennington, Charles Lee Carlisle, Connie Montalvo, Don Shilling, David Turben, Dana Jones, Jose Garcia, Joseph Dodson, Howard R. Herships, John R. Wilkinson III, Jamila Hunter, Eric Speach, Juan Sanchez, Crystal Hernandez, Salvador Flores Hernandez, Kevin Ferguson, and Steven Smith as the Settlement Class Representatives.

5.  The Court appoints Patrick A. Barthle II of Morgan & Morgan Complex Litigation Group; Terence R. Coates of Markovits Stock & DeMarco, LLC; and Gary M. Klinger of Milberg Bryson Phillips Grossman PLLC as Class Counsel.

6.  The Court appoints Simpluris, Inc. as the Settlement Administrator.

7.  A Final Approval Hearing shall be held before the Court on **March 17, 2026 at 10:00 a.m.** for the following purposes:

    a. To determine whether the proposed Settlement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court;

    b. To determine whether to grant Final Approval, as defined in the Settlement Agreement;

    c. To determine whether the Notice Plan as conducted was appropriate;

    d. To determine whether the claims process under the Settlement is fair, reasonable, and adequate and should be approved by the Court;

    e. To determine whether the requested Class Counsel's combined attorneys' fees, of up to one-third (1/3) of the Settlement Fund ($2,583,333.33), and litigation expenses up to $75,000 should be approved by the Court;

    f. To determine whether the requested Service Awards for Class Representatives in the amount of $3,000 each should be approved by the Court;

    g. To determine whether the settlement benefits are fair, reasonable, and adequate; and,

    h. To rule upon such other matters as the Court may deem appropriate.

8. The Court approves, as to the form and content, the Notice Plan as set forth in the Settlement Agreement. Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing Notices substantially in the form as presented in the exhibits to the motion for preliminary approval of class action settlement, and finds that such Notice Plan meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best Notice practicable under the circumstances, and shall constitute due and efficient Notice to all persons or entities entitled to Notice.

9. The Court preliminarily approves the following Settlement Timeline for the purposes of conducting the Notice Plan, Settlement administration, claims processing, and other execution of the proposed Settlement:

## SETTLEMENT TIMELINE

| | |
|---|---|
| **Grant of Preliminary Approval** | |
| Class Counsel file motion for Preliminary Approval Order | Within 30 days of execution of Settlement Agreement |
| Settlement Administrator provides CAFA Notice to State and Federal Officials | Within 10 days following filing of motion for preliminary approval |
| | |
| **Preliminary Approval Order** | |
| Settlement Administrator provides W-9 to Defendants | Within 5 days after Preliminary Approval Order |
| Defendants provide Notice List to the Settlement Administrator | Within 10 days after Preliminary Approval |
| Defendants deposit Notice and Administrative Expenses | Within 21 days of Preliminary Approval Order |
| Settlement Website Activation | No later than the date Notice is sent to Settlement Class Members |
| Notice Deadline | 30 days after Preliminary Approval Order |
| Class Counsel file Fee and Expense Application with request for Service Awards | Within 45 days after Notice Deadline |
| Objection & Opt-Out Deadline | 60 days after Notice Deadline |
| Settlement Administrator provides Requests for Exclusion and objections to Parties' Counsel | 10 days after Opt-Out Deadline (i.e., 70 days after Notice Deadline) |
| Claims Deadline | 90 days after Notice Deadline |
| Settlement Administrator provides list of Approved and invalid claims. Supplemental list of any invalid claims timely cured after the Claims Deadline provided "promptly" thereafter. | 30 days after the Claims Deadline (i.e., 120 days after Notice Deadline) |
| Settlement Class Members deadline to cure deficient claims | Within 21 days of sending deficiency notice |
| | |
| **Grant of Final Approval** | |
| Plaintiffs file motion for Final Approval Order | At least 75 Days after Notice Deadline |
| Final Approval Hearing | At least 135 days after Notice Deadline |
| | |
| **Final Approval Order** | |
| Effective Date | 35 days after Final Approval Order |
| Defendants deposit Settlement Fund balance | Within 15 days of Effective Date |
| Settlement Administrator distributes approved Attorneys' Fees and Expenses and Class Representatives' Service | No later than 30 days after Effective Date |

| | |
|---|---|
| Awards | |
| Settlement Administrator distributes Settlement Payments for Approved Claims | No later than 60 days after Effective Date, or conclusion of time to cure defective notices, whatever comes later |
| Date Settlement checks expire | 120 Days from issuance |
| Settlement Website deactivation | 10 days after checks expire |
| | |
| **Termination** | |
| Defendants provide notice of termination | Within 17 days of the Opt-Out Deadline; within 7 days written notice if Settlement not approved |

10.  To be a timely claim under the Settlement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than 90 days after the Notice Deadline. Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Notice and posted on the Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

11.  Additionally, all requests to opt out or object to the proposed Settlement must be either postmarked or received by the Settlement Administrator no later than 60 days after the Notice Deadline. Any request to opt out of the Settlement should, to the extent possible, contain words or phrases such as "opt-out," "exclusion," or words or phrases to that effect indicating an intent not to participate in the Settlement or be bound by the Settlement Agreement. Opt-Out notices shall not be rejected simply because they were inadvertently sent to the Court or Class Counsel so long as they are timely postmarked or received by the Court, the Settlement Administrator, or Class Counsel. Settlement Class Members who seek to Opt-Out shall receive no benefit or compensation under the Settlement Agreement.

12.  Class Members may submit an objection to the proposed Settlement under

6

Federal Rule of Civil Procedure 23(e)(5).  For an Objection to be valid, it must be filed with and/or mailed to the Court and Settlement Administrator and postmarked within 60 days of the Notice Deadline and include each and all of the following:

    (i)    The name of the proceeding;

    (ii)    Settlement Class Member's full name, current mailing address, and telephone number;

    (iii)    Last four digits of Social Security number (which may be redacted from public filings)

    (iv)    A statement of the specific grounds for the objection, as well as documents supporting the objection;

    (v)    The identity of any attorneys representing the objector;

    (vi)    A statement regarding whether the Settlement Class Member (or his/her/their attorney) intends to appear at the Final Approval Hearing;

    (vii)    A statement identifying all class action settlements objected to by the Settlement Class Member in the previous five (5) years; and;

    (viii)    The signature of the Settlement Class Member or the Settlement Class Member's attorney.

Any Objection failing to include the requirements expressed above will be deemed to be invalid.  Furthermore, any Settlement Class Member objecting to the Settlement agrees to submit to any discovery related to the Objection.

    13.    All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the release provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Settlement Class. The persons and entities who timely and validly request exclusion from the Settlement Class will be excluded from the Settlement Class and shall not have rights under the Settlement

7

Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval order as to Defendants in this Action.

14. Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and Settlement Class Members are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against Defendants.

15. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Settlement Class Members and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Settlement Class.

**SO ORDERED**, this 2nd day of October, 2025.

<u>s/Jacquelyn D. Austin</u>
Jacquelyn D. Austin
United States District Court
District of South Carolina