IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Crystal Hernandez, *et al.*,<br>*Individually and on behalf of others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>Purpose Financial, Inc.,<br>*f/k/a Advance America Cash Advance Centers, Inc., et al.,*<br><br>Defendants. | Case No. 7:23-cv-04256-JDA<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

On October 2, 2024, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement (the "Settlement") between Plaintiffs,[1] on their own behalf and on behalf of the Settlement Class (as defined below), and Defendants Purpose Financial, Inc. f/k/a Advance America Cash Advance Centers, Inc. and its nine subsidiary companies[2] ("Purpose Financial" or "Defendants") (together

[1] Heather McCreedy, Scott Gibson, Kathryn Rohrer, Latoya Lindsey, Michael Smelley, Robert Durham, Stacy Lowe, Stephanie Jennings, Tirance Kennedy, Brian James, Brooke Pennington, Charles Lee Carlisle, Connie Montalvo, Don Shilling, David Turben, Dana Jones, Jose Garcia, Joseph Dodson, Howard R. Herships, John R. Wilkinson III, Jamila Hunter, Eric Speach, Juan Sanchez, Crystal Hernandez, Salvador Flores Hernandez, Kevin Ferguson, and Steven Smith (individually "Plaintiff" and collectively, "Plaintiffs").

[2] Advance America, Cash Advance Centers of Tennessee, Inc.; Advance America, Cash Advance Centers of California, LLC; Advance America, Cash Advance Centers of Mississippi, LLC; Advance America, Cash Advance Centers of Florida, LLC; Advance America, Cash Advance Centers of Ohio, Inc.; Advance America, Cash Centers of Nevada, Inc.; ACSO of Michigan, Inc.; Advance America, Cash Advance Centers of Kentucky, Inc.; and Advance America, Cash Advance Centers of Indiana, Inc.

with Plaintiffs, the "Parties") [Doc. 113], as memorialized in the Settlement Agreement, which is Exhibit 2 to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement [Doc. 112-2];[3]

Pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Class was notified of the terms of the proposed Settlement Agreement, of the right of Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a final approval hearing;

On March 17, 2026, the Court held a final approval hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Before the final approving hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees and expenses to Settlement Class Counsel, and the payment of Service Awards to the Class Representatives.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Settlement Class

[3] The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement, except as may otherwise be indicated.

Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class Counsel for attorneys' fees and costs and expenses, and the application for service awards to the Settlement Class Representatives, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. The Settlement Agreement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

4. This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases in the Settlement Agreement, including all Released Claims,

and the plans for implementation and distribution of the settlement benefits. The Court finds that the Settlement Agreement is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all Class Members who have not opted out of the Settlement Class are bound by this Final Approval Order and Judgment, approving the Settlement Agreement.

5. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

## OBJECTIONS AND OPT-OUTS

6. One objection was filed by Settlement Class Member Nathan Hebert. [Doc. 117.] Mr. Hebert's Objection alleges that he has suffered certain harms as a result of the Data Incident and generally complains that the Settlement is insufficient because he has allegedly suffered damages that exceed the compensation made available to Settlement Class Members under the Settlement. [*Id.*] This is not a proper ground for objecting to a class action settlement. Mr. Hebert had the ability to opt out of the class action settlement and pursue his own claim against Defendants to the extent he was due more compensation than provided by the Settlement. *Ryder v. Wells Fargo Bank, N.A.*, No. 1:19-cv-638, 2022 WL 223570, *2 (S.D. Ohio Jan. 25, 2022) (overruling similar objection because the class member had the ability to opt out); *Rosado v. Ebay Inc.*, No. 5:12-cv-4005, 2016 WL 3401987, *9 (N.D. Cal. June 21, 2016) (if an objector "believes that he has suffered damages that are significantly higher than the typical class member, he should opt out of the class and separately pursue his claims"). Furthermore, Mr. Hebert

was required under the Settlement Agreement and Settlement notices to send his objection to the Court and the Settlement Administrator postmarked by January 2, 2026. Although it is unclear whether Mr. Hebert's Objection was timely submitted to the Court [Doc. 117-1], it is clear that he did not comply with the requirements for submitting a valid objection to the Settlement to the Settlement Administrator. The Court therefore overrules the objection and finds that this factor does not counsel against Settlement Agreement approval. Upon considering the relevant factors under Federal Rule of Civil Procedure 23(e)(2), the Court finds the Settlement fair, reasonable, and adequate to all Class Members.

7. All Settlement Class Members who have not properly objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

8. Three putative Class Members timely elected to opt out of the Settlement Agreement and the Settlement Class (the "Opt-Out Members") and therefore are not bound by the Settlement Agreement and this Final Approval Order and Judgment. The Opt-Out Members are not bound by the Settlement Agreement and this Final Approval Order and Judgment and shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Settlement Agreement. Settlement Class Member Nick Miletak contacted Class Counsel and Defendants expressing his intention to bring an individual action against Defendants relating to the Data Incident. Mr. Miletak did not file a claim to participate in this Settlement and did not object and/or opt out of this Settlement. Accordingly, any claims he may have against Defendants related to the Data Incident are hereby released as part of the Released Claims in this case.

## CLASS CERTIFICATION

9. For purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the Court hereby finally certifies the following class (the "Settlement Class"):

> All natural persons residing in the United States whose Private Information was accessed or acquired as a result of the Data Incident reported by Purpose Financial in August 2023.
>
> Excluded from the Settlement Class are: (1) the Judge presiding over this Litigation and members of the presiding Judge's direct family; (2) the Defendants, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or its parents have a controlling interest and their respective current or former officers and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

10. The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order.

11. The Court grants final approval to the appointment of Plaintiffs Heather McCreedy, Scott Gibson, Kathryn Rohrer, Latoya Lindsey, Michael Smelley, Robert Durham, Stacy Lowe, Stephanie Jennings, Tirance Kennedy, Brian James, Brooke Pennington, Charles Lee Carlisle, Connie Montalvo, Don Shilling, David Turben, Dana Jones, Jose Garcia, Joseph Dodson, Howard R. Herships, John R. Wilkinson III, Jamila Hunter, Eric Speach, Juan Sanchez, Crystal Hernandez, Salvador Flores Hernandez, Kevin Ferguson, and Steven Smith as Class Representatives. The Court concludes that the Settlement Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so, both in terms of litigating this action and for

purposes of entering and implementing the Settlement and have satisfied the requirements of Federal Rule of Civil Procedure 23(a)(4).

12. The Court grants final approval to the appointment of Patrick A. Barthle II of Morgan & Morgan Complex Litigation Group; Terence R. Coates of Markovits Stock & DeMarco, LLC; and Gary M. Klinger of Milberg Bryson Phillips Grossman PLLC as Class Counsel for Plaintiffs. The Court concludes that Settlement Class Counsel has adequately represented the Settlement Class and will continue to do so, both in terms of litigating this action and for purposes of entering and implementing the Settlement and have satisfied the requirements of Federal Rule of Civil Procedure 23(g).

**NOTICE TO THE CLASS**

13. The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

14. In accordance with the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA Notice"), the CAFA Notice was sent via United States Postal Service ("USPS") Certified Mail or email, based on preference, to the Attorneys General of every U.S. state and

territory and to the U. S. Federal Attorney General. The Court finds that Defendants have fully complied with the notice requirements of CAFA.

**AWARD OF ATTORNEYS' FEES AND SERVICE AWARDS**

15. The Court has considered Class Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Award to Plaintiffs (ECF No. 115). The Court finds Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy, resulting in a favorable monetary recovery for the Class. The Court awards Class Counsel 1/3 of the Settlement Fund, the sum of $2,583,333.33 as an award of attorneys' fees and $25,422.73 as an award of costs and expenses to be paid in accordance with the Settlement Agreement, and the Court finds this amount of fees and expenses to be fair and reasonable. Class Counsel shall have the sole authority to determine any allocation of attorneys' fees awarded between and among Plaintiffs' Counsel.

16. The Court grants Settlement Class Counsel's request for service awards to the Class Representatives of $3,000 to each of the Class Representatives. The Court finds that this payment is justified by their service to the Settlement Class. The Service Award payments shall be paid in accordance with the Settlement Agreement.

**OTHER PROVISIONS**

17. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

18. Within the time period set forth in the Settlement Agreement, the benefits provided for in the Settlement Agreement shall be made available to the various

Settlement Class Members submitting Valid Claim Forms, on approved Claims, pursuant to the terms and conditions of the Settlement Agreement.

19. As of the Effective Date, and in consideration of the promises and covenants set forth in this Settlement Agreement, (i) each Settlement Class Member, including Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, waived, and discharged all Released Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted; and (ii) Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, waived, and discharged, Plaintiffs, each and all of the Settlement Class Members, Class Counsel, and Plaintiffs' Counsel of all claims, including Unknown Claims, based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims, except for enforcement of the Settlement Agreement. Any other claims or defenses Defendants may have against such Persons including, without limitation, any claims based upon or arising out of any retail, banking, debtor-creditor, contractual, or other business relationship with such Persons that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims are specifically preserved and shall not be affected by

the preceding sentence. Notwithstanding any term herein, neither Defendants nor their Released Parties, shall have or shall be deemed to have released, relinquished, waived, or discharged any claim or defense against any Person other than Plaintiffs, each and all of the Settlement Class Members, Settlement Class Counsel, and Plaintiffs' Counsel.

20. "Released Claims" shall collectively mean any claims, demands, actions, causes of action, or any other right to seek damages, liability, costs, or relief of any kind, whether statutory or at common law, that each Settlement Class Member has, had, or may ever have, now or in the future, known or unknown, arising out of or in any way related to the Data Incident, whether or not those claims, demands, actions, causes of action, or rights have been pleaded or otherwise asserted in the Litigation or elsewhere, including any and all damages, losses, or consequences thereof. Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

21. With respect to the Released Claims, Plaintiffs and Settlement Class Members expressly understand and acknowledge it is possible that unknown economic losses or claims exist or that present losses may have been underestimated in amount or severity. Plaintiffs and Settlement Class Members explicitly took that into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between the Parties with the knowledge of the possibility of such unknown claims for economic loss, were given in exchange for a full accord, satisfaction, and discharge of all such claims. Consequently, upon entry of

this Final Approval Order, the Releasors shall be deemed to have, and by operation of the Settlement shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code (to the extent it is applicable, or any other similar provision under federal, state or local law to the extent any such provision is applicable), which reads :

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

22. Plaintiffs and the Settlement Class Members, and the Releasors acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true, but that it is their intention to finally and forever settle and release the Released Claims, including but not limited to any unknown claims they may have. The Parties acknowledge that the foregoing waiver is a material term of this Settlement Agreement.

23. The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have maximum *res judicata*, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's fees, costs, interest, or expenses that arise out of or relate to the allegations or subject matter of the Litigation and/or the Consolidated Class Action Complaint.

24. This Final Approval Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement

Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendants of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendants or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the action. This Final Approval Order and Judgment, the Settlement Agreement, and all acts, statements, documents or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; *provided, however,* that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by Defendants, Settlement Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment (including but not limited to enforcing the releases contained herein).

25. The Settlement Agreement and Final Approval Order and Judgment shall not be construed or admissible as an admission by Defendants that Plaintiffs' claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Approval Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Approval Order and Judgment.

26. The Court hereby dismisses the Amended Complaint and all claims therein on the merits and with prejudice, without fees or costs to any Party, except as provided in this Final Approval Order and Judgment.

27. Consistent with the Settlement Agreement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc,* and the Parties shall be restored to their respective positions in the Litigation, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). Further, in such event, the Parties will jointly request that all scheduled Litigation deadlines be reasonably extended by the Court, so as to avoid prejudice to any Party or Party's counsel.

28. Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

29. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

For the reasons stated herein, Lead Counsel's motion for final approval [Doc.120] and motion for attorneys' fees [Doc. 115] are GRANTED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

March 17, 2026
Greenville, South Carolina